IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADRIAN JONES #309040 | : | |
| Petitioner | : | |
| v. | : | CIVIL ACTION NO. BEL-06-2883 |
| | : | |
| COMMISSIONER OF CORRECTIONS | : | |
| Respondent | : | |

## MEMORANDUM

Now pending is Respondent's Motion to Dismiss, which Jones has not opposed.[1]  Because the issues are clear, a hearing is unnecessary.  See Local Rule 105.6 (D. Md. 2004).  For the reasons stated herein, the Court will, by separate order, GRANT the motion.

**I      Background**

Adrian Jones is a prisoner at the Jessup Correctional Institution in Jessup, Maryland.  On November 2, 2006, Jones filed a petition for writ of mandamus, which asks this Court to compel the Division of Corrections to provide him with a copy of the commitment order that mandates his incarceration.  He contends that such an order does not exist, and that therefore he must be released.  On January 16, 2007, Respondent moved to dismiss for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).

**II      Motion to Dismiss**

In reviewing a Rule 12(b)(1) challenge, the Court assumes that all the facts alleged in the complaint are true.  See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  Jones, in effect, is

---

[1]      On January 17, 2007, the Clerk informed Jones that he had seventeen days to file a written opposition to Respondent's motion, and warned him that if he failed to file a response his case could be dismissed.  See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.

Id.  A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).

**III     Analysis**

Under 28 U.S.C. § 1361, federal district courts have jurisdiction to issue writs of mandamus that will compel a federal officer, employee, and agency to perform a duty owed to a petitioner. This Court does not have mandamus jurisdiction over state officers and entities, however.  Pearson v. U.S. Dist. Court for Md., 2006 WL 3909724, *2 (D. Md.) (slip op.) (citing Gurley v. Superior Court of Mecklenburg Co., 411 F.2d 586, 587 (4th Cir. 1969)).  Thus, this Court has no jurisdiction over the type of relief that Jones seeks.

The Court notes, however, that Jones has received a copy of his commitment record,  which Respondent attached to his Answer.  (See Docket No. 4, Exh. 1).  The record reflects that Jones is committed to the Maryland Division of Corrections and serving a life sentence, which commenced on June 12, 2001.

**IV     Conclusion**

For the foregoing reasons, the Court will, by separate Order:

(i)      GRANT Respondent's Motion to Dismiss;

(ii)     DIRECT the Clerk to close this case; and

(iii)     DIRECT the Clerk to MAIL a copy of the Memorandum and Order to Petitioner Jones and PROVIDE same to counsel of record.

Dated this 26th day of February 2007.

/s/

_____

Benson Everett Legg
Chief Judge